Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50125 | **DATE** | 8/30/2001 |
| **CASE TITLE** | United States vs. Johnson et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for summary judgment is granted. The court enters judgment as indicated on the reverse. Plaintiff is given ten (10) days from the date of this order to file the appropriate proof as required by Rule 4(*l*) that it timely served the Johnsons; otherwise, the judgment entered herein will be vacated.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 3 1 2001 date docketed | |
| X | Docketing to mail notices. | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials |
| X | Copy to judge/magistrate judge.✓ | | AUG 3 1 2001 date mailed notice |
| /LC | courtroom deputy's initials | 01 AUG 30 PM 3:39 FILED-WD Date/time received in central Clerk's Office | mailing deputy initials |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, United States of America, has filed a four-count complaint against defendants, Richard E. Johnson, Mary Lou Johnson, Albert D. Reich as trustee of the R.M.J. Trust, MidFirst Bank, and the State of Illinois. The United States seeks generally to reduce to judgment various tax assessments made against Richard Johnson, declare and set aside as fraudulent a transfer of title to real property by the Johnsons to the R.M.J. Trust, and foreclose federal tax liens against Richard Johnson. Jurisdiction and venue are proper under 26 U.S.C. §§ 7402, 7403 and 28 U.S.C. §§ 1340, 1345, 1391. Before the court is the United States' motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

Because the Johnsons have not answered the United States' complaint[1] or responded to its motion for summary judgment, they are in default.[2] This also means they have admitted for purposes of this order all the facts contained in the United States' Local Rule 56.1(a) statement of facts. See N.D. Ill. R. 56.1(b)(3)(B).

The tax assessments the United States has submitted, showing Richard Johnson's unpaid federal income taxes for the years 1980 through 1989 and 1991 through 1993 (Pl. Exhs. C, D), are presumptively correct. See Estate of Starkey v. United States, 223 F.3d 694, 698 (7th Cir. 2000). Richard has done nothing to rebut this presumption, so the court will enter judgment in the total amount of those assessments, as indicated below. The court also finds the Johnsons' transfer of title to certain property located at 1707 South 4th St., Rockford, Illinois to the R.M.J. Trust was constructively fraudulent under Illinois law at the time of the transfer. Richard effectively admitted as much in his deposition, where he testified neither he nor his wife received any consideration for the conveyance, he had not paid his federal income taxes for the year 1980 when they transferred title on July 18, 1981, some three months after the taxes became due, see United States v. Sherping, 187 F.3d 796, 805 (8th Cir. 1999), cert. denied, 528 U.S. 1162 (2000) (regardless of when taxes are assessed, United States becomes creditor of taxpayer on date return is to be filed), and neither he nor his wife retained any other assets after transferring their interests in the property. (LR 56.1(a) ¶¶ 18-21) See Casey Nat'l Bank v. Roan, 668 N.E.2d 608, 611 (Ill. App. Ct. 1996) (setting out elements of fraudulent conveyance based on fraud in law theory under relevant Illinois statute in effect in 1981). The court thus sets aside the Johnsons' 1981 conveyance to the R.M.J. Trust.

For the reasons stated above, the United States' motion for summary judgment is granted. The court enters judgment in favor of the United States and against Richard E. Johnson in the amount of $347,999.78,[3] plus statutory additions from February 22, 2000. The court further orders that the Johnsons' transfer of title to certain property located at 1707 South 4th St., Rockford, Illinois to the R.M.J. Trust, by a Warranty Deed dated July 18, 1981, be set aside as fraudulent in law. This property is described more fully in the Warranty Deed, recorded by the Winnebago County Recorder of Deeds on August 4, 1981, as document number 81-15-1569 (Pl. Exh. H); that description is hereby incorporated into this order. Any currently existing tax liens the United States has against Richard E. Johnson for the above-mentioned tax years and for which the United States has filed (or refiled) appropriate notices (Pl. Exhs. J, K, L)[4] shall accordingly attach to his interest in such property. See 26 U.S.C. §§ 6321, 6323. The court further orders a foreclosure of such tax liens, with Richard E. Johnson's interest in said property to be sold at a judicial sale. The proceeds of such sale shall be distributed according to the "Stipulation as to Lien Priority," filed in this case on July 3, 2001 (Doc. No. 25) and incorporated herein. This case is hereby dismissed in its entirety.

---

[1] The Johnsons did apparently send an answer to the United States (Pl. Exh. A), but they never filed it with the court. For all intents and purposes, this means they did not answer the complaint.

[2] The court notes, however, what appears to be a procedural oversight by the United States. In a motion to extend the time under Rule 4(m) to effect service on Reich, filed before Judge Leinenweber when the case was still pending in the Eastern Division (Doc. No. 3), the United States mentioned it had personally served the Johnsons. But the docket does not reflect this. Although the docket indicates the remaining defendants (including Reich) waived service, the United States has failed to file proof of service upon the Johnsons as required by Rule 4(l). Therefore, the United States is given ten (10) days from the date of this order to file the appropriate proof that it timely served the Johnsons; otherwise, the judgment entered herein will be vacated.

[3] The court notes this is not the same as the $347,998.78 amount found in the United States' brief and LR 56.1(a) statement (¶ 11), but is the same found in the United States' complaint (¶ 14). According to the court's calculations, $347,999.78 is the correct total for the thirteen years of assessments as of February 22, 2000.

[4] It appears from these three notices that the "refile deadline" has since expired for tax years 1980 through 1988. If the United States anticipates foreclosing on its tax liens for these years, the court assumes it has refiled the required notices for these years. See 26 U.S.C. § 6323(g).

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

DOCKETED

AUG 31 2001

United States of America

v.

Richard Johnson, et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 50125

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the court enters judgment in favor of the United States and against Richard E. Johnson in the amount of $347,999.78, plus statutory additions from February 22, 2000. The court further orders that the Johnsons' transfer of title to certain property located at 1707 South 4th St., Rockford, Illinois to the R.M.J. Trust, by a Warranty Deed dated July 18, 1981, be set aside as fraudulent in law. This property is described more fully in the Warranty Deed, recorded by the Winnebago County Recorder of Deeds on August 4, 1981, as document number 81-15-1569 (Pl. Exh. H); that description is hereby incorporated into this order. Any currently existing tax liens the United States has against Richard E. Johnson for the above-mentioned tax years and for which the United States has filed (or refiled) appropriate notices shall accordingly attach to his interest in such property. The court further orders a foreclosure of such tax liens, with Richard E. Johnson's interest in said property to be sold at a judicial sale. The proceeds of such sale shall be distributed according to the "Stipulation as to Lien Priority," filed in this case on July 3, 2001 (Doc. No. 25) and incorporated herein. This case is hereby dismissed in its entirety.

All orders in this case are now final and appealable.

FILED-WD
01 AUG 30 PM 3:39
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 8/30/2001

Susan M. Wessman, Deputy Clerk